

PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
MIGUEL VELASCO



FILED
CLERK, U.S. DISTRICT COURT

JAN 1 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VELASCO, an individual, | Case No.: 8:14-cv-0056DOC-JPRx |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| RALLO LAW FIRM, P.C., a domestic corporation; and DOES 1 to 10, inclusive, | **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** [15 U.S.C. § 1692] |
| Defendant(s). | **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** [Cal. Civ. Code § 1788] |

## COMPLAINT FOR DAMAGES

## I.    INTRODUCTION

1.    Miguel Velasco ("Plaintiff") brings this action to secure redress from Rallo Law Firm, PC ("Defendant") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.  The FDCPA prohibits false or deceptive practices in connection with the collection of debts.

1  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and
2  unfair practices in connection with the collection of consumer debts.

## II.   JURISDICTION AND VENUE

4      2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as
5  Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this
6  Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is
7  so related to Plaintiff's FDCPA claim that they form part of the same case or
8  controversy under Article III of the United States Constitution.
9      3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)
10 because the acts and transactions alleged in this Complaint occurred here,
11 Plaintiff resides here, and Defendant transacts business here.

## III.   PARTIES

13     4.     Plaintiff is an individual, residing in Baldwin Park, Los Angeles
14 County, CA 91706.  Plaintiff is a natural person from whom a debt collector
15 seeks to collect a consumer debt which is due and owing or alleged to be due and
16 owing from such person.  Thus, Plaintiff is a "consumer" as defined by the
17 FDCPA, 15 U.S.C. § 1692a(3) and a "debtor" as defined by the RFDCPA, Cal.
18 Civ. Code § 1788.2(h).
19     5.     Defendant is a domestic corporation, headquartered at 3070 Bristol
20 St., Suite 560, Costa Mesa, CA 92626.  Defendant's registered agent for service
21 of process is Thomas C. Rallo, 3070 Bristol St., Suite 560, Costa Mesa, CA
22 92626.
23     6.     In the ordinary course of business, regularly, on behalf of itself or
24 others, Defendant engages in debt collection and thus, Defendant is a "debt
25 collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the RFDCPA,
26 Cal. Civ. Code § 1788.2(c).  Defendant regularly engages in the collection of
27 debt by telephone in several states including, California.

COMPLAINT FOR DAMAGES

7.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

8.     Within one year prior to the filing of this action, Defendant contacted Plaintiff attempting to collect on an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus the "alleged debt" is a "debt" as defined by FDCPA 15 U.S.C. § 1692(a)(5) and as a "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

9.     Cal. Civ. Proc. Code § 337(1) states that "[a]n action upon any contract, obligation or liability founded upon an instrument in writing," must be brought within four years.

10.     Cal. Civ. Proc. Code § 337(2) states that "[a]n action to recover (1) upon a book account whether consisting of one or more entries; (2) upon an account stated based upon an account in writing, but the acknowledgment of the account stated need not be in writing . . ." must be brought within four years.

11.     Plaintiff retained Defendant for legal representation and services on June 2, 2006.  A true and correct copy of that agreement is attached hereto as Exhibit "A."

12.     Prior to December 31, 2007, Plaintiff made Plaintiff's last payment to Defendant for services rendered and defaulted on the balance of the alleged debt.

COMPLAINT FOR DAMAGES

13.   Plaintiff had breached the contract for services with Defendant by January 1, 2008.

14.   On or about November 18, 2013, Defendant mailed Plaintiff a demand letter to regarding an unpaid balance for legal services. A true and correct copy of that letter is attached hereto at Exhibit "B."

15.   In its letter, Defendant stated that Plaintiff must contact Defendant and make payment arrangements for an outstanding balance of $18,985.04.

16.   Defendant made threatening statements to Plaintiff, that Defendant "intend[ed] to file suit" and "will be forced to file suit" if the Plaintiff did not make payment arrangements.

17.   Any action for breach of contract, account stated, or common counts for the collection of the alleged debt is time barred under Cal. Civ. Proc. § 337(1)&(2), as such an action would be brought beyond the statute of limitations.

18.   Therefore, Defendant contacted Plaintiff attempting to collect an alleged debt which legally could not be collected.

## V.   FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

19.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)   Defendant violated 15 U.S.C. § 1692(d) by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

(b)   Defendant violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

- 4 -

(c)     Defendant violated 15 U.S.C. § 1692(e)(2)(a) by misrepresenting the character, amount, or legal status of the alleged debt in connection with the collection attempts;

(d)     Defendant violated 15 U.S.C. § 1692(e)(5) by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take;

(e)     Defendant violated §1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(f)     Defendant violated §1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

21.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.     SECOND CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated Cal. Civ. Code § 1788.13(j) by falsely representing that a legal proceeding will be instituted unless payment of a consumer debt is made;

(b)     Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692(b) to 1692(j), inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act):

(i) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d) by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

(ii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

(iii) Defendant violated Cal Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(2)(a) by misrepresenting the character, amount, or legal status of the alleged debt in connection with the collection attempts;

(iv) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(5) by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take;

(v) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(vi) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. §1692(f)1 of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

25.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

COMPLAINT FOR DAMAGES

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA;

(b)    Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and Cal. Civ. Code      § 1788.30(a);

(c)    Statutory damages pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code        § 1788.30(b);

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(c);

(e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f)    For such other and further relief as the Court may deem just and proper.

## VIII.   **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: January 10, 2014

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

COMPLAINT FOR DAMAGES

# Schumann, Rallo & Rosenberg, LLP

## ATTORNEY - CLIENT RETAINER AGREEMENT

*Miguel D. Velasco* ("Client") employs and retains Schumann, Rallo & Rosenberg, LLP ("Firm") to represent Client in re: *Dissolution of Marriage* .

In consideration for the legal services and representation by the Firm, Client agrees to pay Attorney's fees consistent with the following schedule:

(a) Client will make an initial deposit of $ *3,500.00* , as a retainer with the Firm. Client understands this is a deposit toward work to be performed and in no way represents an estimate of what the total costs of the case that the Client may incur. Further, Client understands the Firm cannot estimate what those fees or costs may be. IT IS COMMON FOR THE TOTAL FEE TO EXCEED THE RETAINER BY A SUBSTANTIAL SUM OF MONEY. The amount of the total fees is dependent upon a large number of issues, not the least of which include Client's willingness to settle issues and the opponent's resistance to settlement.

(b) Client will pay Attorney $ *250.00* per hour for all work performed. Client has been informed and understands that the fee schedule set forth herein is not set by law and that a lower rate can be negotiated between The Firm and Client. However, Client, by signing this agreement, does agree to pay the fees stated herein.

Client has been informed and understands that certain costs or expenses will necessarily be incurred in connection with the proper development and presentation of this case. Costs might include, but would not be limited to: investigation services, the copying of records, court filing fees, deposition costs, expert witness fees, appellate counsel, etc. All costs are the responsibility of the Client and are totally separate from the Firm's fees.

In the event the Firm agrees to advance such funds to pay costs as they arise, Client shall immediately reimburse all outstanding costs advanced by the Firm.

(c) Client will pay for associate attorney's work in the amount of $195.00 per hour for all work performed.

(d) Client will pay for paralegal work in the amount of $95.00 per hour for all work performed.

(e) The stated hourly rates shall be charged for all TIME EXPENDED ON THE MATTER INCLUDING: telephone contact, review of correspondence, negotiation, legal research, preparation of correspondence,

meetings, court appearances, as well as any other time expended by the Firm on behalf of the Client. Client shall be billed for any time that the Firm expends discussing the matter with the opposing party, if they are unrepresented by an attorney. The minimum charge for fees charged by the hour shall be one-tenths (.1) of an hour.

   (f) Invoices will be presented at least every thirty (30) days. Once fees and costs exceed the initial retainer, payment in full is due on all invoices with open balances within fifteen (15) days of receipt.   The Firm **CANNOT** carry outstanding balances until the conclusion of the case. The invoice shall be deemed acceptable by the Client unless written objection is received within ten (10) days. Billing errors should be brought to our attention promptly.

   (g) LATE PAYMENT CHARGE.  If the legal fees reflected on a periodic invoice are not paid within thirty (30) days after receipt of the invoice, the Client shall pay a late payment charge, equal to 1.5% of the fees in arrears, for each month (18% annum) in which any of such fees remain unpaid.

   (h) Failure to pay outstanding balances within sixty (60) days from receipt of invoice may cause the Firm to either request the client seek new legal representation or the Firm withdrawing from representation. Unfortunately, Schumann, Rallo & Rosenberg, LLP is not in the position to finance the legal cases of it's Clients.  We appreciate your understanding.

   For more information regarding the Firms payment guidelines please see enclosed information from the Firm's billing and collections company, Leveille & Associates, Inc.

   (i) Schumann, Rallo & Rosenberg, LLP reserves the right to withdraw from the representation, if ethically possible, based on NON PAYMENT, uncooperative Client behavior, morally questionable Client requests and the like.

   In such event, Client agrees to immediately execute a Substitution of Attorney at the Firms request. Client understands that in the event of a failure to execute the Substitution of Attorney, the Firm shall be required to file a motion to be relieved and Client shall be charged for the services in connection therewith, including the court appearance for the hearing of the motion.

   (j) If applicable, Client is hereby informed that the Firm may pay a referral fee to the referring attorney.

   (k) Client shall pay any discovery sanctions that are a result of Client's failure to comply with discovery requirements.

   (l) Specifically, and without limiting the generality of the foregoing, Client understands that the Firm shall not render any services in connection with any other matter without a separate written agreement for those services.

(m)  At the conclusion of your case, we would suggest that you take possession of all your files and records.  However, we will, as an accommodation, retain your file for five (5) years.  At the end of this period we will dispose of the file and records unless you have previously requested that they be forwarded to you.

(n)  The Firm agrees to represent the Client to the best of its ability and in the best interests of the Client. The Firm will be in charge of all phases of the case, including settlement negotiations.  However, no settlement will be made without the Client's express consent either orally or in writing.

   If, after necessary investigation, the Attorney/Firm believes it is not worthwhile to proceed, or should the Attorney/Firm decide to withdraw from representation of the Client, the Attorney/Firm, upon reasonable notice to Client, may withdraw.

(o)  In the event Client decides to retain a new or different Firm, it is agreed that the Firm will have a lien/claim against Client to recover or discharge any fees and/or costs owing to the Firm for services rendered.  Client will continue to be personally liable to Schumann, Rallo & Rosenberg, LLP for any unpaid portion of billed fees after the retention of new or different counsel.

(p)  It is further agreed and understood by the Client that the Firm's obligations and services will not commence or take effect until the Firm has received this original signed Attorney-Client Retainer Agreement and the payment of the retainer deposit set forth on Page 1 herein.

Dated: 6/2/06

_____
Thomas C.  Rallo, Attorney

Dated: 6/2/06

_____
[■■■■■■■■], Client

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "B"**

COMPLAINT FOR DAMAGES

# R A L L O
## LAW FIRM, P.C.

THOMAS C. RALLO†
ARTHUR J. TRAVIESO†
SHARMAN L. BROOKS*
TIN K. WESTEN
JENNIFER R. JOSLIN

\* CERTIFIED FAMILY LAW SPECIALIST
† PARTNER

3070 Bristol Street, Suite 560
Costa Mesa, California 92626
Telephone: (714) 850-0690
Facsimile: (714)659-6491
www.rallolawfirmpc.com

SUPPORT STAFF:
GINA LOYA
SARA BRUCE
THIEN NGUYEN
KRISTIN MOKHTARI
STEPHANIE ORTEGA

November 18, 2013

*Sent Via Certified Mail, Return Receipt Requested*

Miguel D. Velasco
10804 Wells Ave.
Riverside, CA 92505

Re:   Rallo Law Firm, PC v. Miguel Velasco
Collection Amount:  $18,985.04
Our File No.:  TR-194

Dear Mr. Velasco,

As of the date of this letter, you continue to have an unpaid balance of $18,985.04.  Although we have attempted to contact you a countless number of times, you have ignored each and every call.  Therefore, please take notice that we intend to file suit against you to recover the unpaid fees unless prompt payment is made to our office.  We assume that this has been an oversight on your part, and that you will promptly make payment arrangements to pay the balance due.

If you fail to make arrangements with Rallo Law Firm, PC, for payment of the outstanding balance, we will be forced to file suit against you to recover all balances due.

Enclosed, please find a Petition to Arbitrate a Fee Dispute from the Orange County Bar Association.  Under California Law, you have the right to submit this matter to arbitration to have a non-judicial officer decide it.  Please be advised that you have **30 days** from the date of receipt of the enclosed Notice of Client's Right to Fee Arbitration to submit the enclosed Petition to the Orange County Bar Association.  Please be advised that your failure to submit the enclosed Petition to the Orange County Bar Association within the prescribed time period will result in your waiver of your right to arbitrate this matter.

I have also enclosed a Notice and Acknowledgment of Receipt.  Kindly sign the form where indicated, demonstrating that you have received these documents.

Mr. Miguel Velasco
RE: *Rallo Law Firm, PC v. Miguel Velasco*
November 18, 2013
Page 2

If you have any questions or concerns, please contact the undersigned at your earliest convenience.

Thank you in advance for your courtesy and cooperation regarding the above.

Very truly yours,

RALLO LAW FIRM, P.C.

THOMAS C. RALLO, ESQ.

TCR:jrj
Enclosure(s)

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

MIGUEL VELASCO, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

RALLO LAW FIRM, P.C., a domestic corporation; and DOES 1 to 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC,  (818)907-2030
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No   **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788;  Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**   Case Number:   8:14-CV-0056

---

CV-71 (09/13)

**CIVIL COVER SHEET**

Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

     If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

     If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)      ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                                      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                                      ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                                      ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

## X. SIGNATURE OF ATTORNEY
## (OR SELF-REPRESENTED LITIGANT):   _____   DATE: 01/09/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ David O. Carter _____ and the assigned Magistrate Judge is _____ Jean P. Rosenbluth _____ .

The case number on all documents filed with the Court should read as follows:

### 8:14-cv-00056 DOC-JPRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ January 14, 2014 _____
Date

By  SBOURGEOIS _____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☒ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**